Alina Mooradian, SBN 245470
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
Facsimile: 714.427.7799
Attorneys for Defendant
LABORATORY CORPORATION OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| KAITLIN DOMINGUEZ, JASON DOMINGUEZ, AND DINAH VON DOMINGUEZ, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>LABORATORY CORPORATION OF AMERICA; LABCORP and DOES 1 TO 10, inclusive,<br><br>Defendants. | Case No. 5:16-CV-2527 R (SPx)<br><br>[Originally Filed in Riverside Superior Court; Case No. MCC1601005]<br><br>**DEFENDANT LABORATORY CORPORATION OF AMERICA'S APPLICATION FOR SEAL ORDER RE SETTLEMENT AMOUNT**<br><br>DATE OF FILING: November 2, 2016 |

Defendant Laboratory Corporation of America ("LabCorp") applies to the Court for an order, pursuant to Local Rule 79-5, and this Court's General Order No. 02-14, to permit the filing under seal of that portion of LabCorp's and Plaintiffs' confidential Settlement Agreement and Plaintiff's Expedited Petition to Approve Compromise ("Petition") and any other related documents that discuss, reference, or otherwise contain the settlement amount. An unredacted copy of the Settlement Agreement that contains the settlement amount as well as an unredacted copy of Plaintiffs' Petition, Russell Fuerst's Declaration in support of the Petition and the

1 Proposed Order to the Petition are being filed under seal with the Declaration of
2 Alina Mooradian.

3 The Settlement Agreement outlines the terms of the settlement and the
4 amount of the settlement. A true and correct copy of the redacted Settlement
5 Agreement that does not contain the settlement amount is attached hereto as *Exhibit*
6 *A*. Confidentiality is a material provision of the Agreement. It is necessary to file
7 that portion of the Settlement Agreement that contains the settlement amount under
8 seal because the parties' privacy interests in keeping the settlement amount
9 confidential overrides any public interest in knowing this amount.

10 Similarly, since Plaintiffs' Petition contains the settlement amount and the
11 breakdown of that amount to allow the Court to grant the Petition, LabCorp is
12 seeking to seal the amounts disclosed in the Petition and its supporting documents.
13 A true and correct copy of the redacted Petition and supporting documents is
14 attached hereto as *Exhibit B*.

## LEGAL STANDARD AND ANALYSIS

16 Local Rule 79-5.1 and General Order No. 02-14 state that "[e]xcept when
17 authorized by statute or federal rule, or the Judicial Conference of the United States,
18 no case or document shall be filed under seal without prior approval by the Court.
19 Where approval is required, a written application and a proposed order shall be
20 presented to the judge along with the document submitted for filing under seal."
21 Thus, Plaintiffs and Ford seek an order sealing the portions of those documents that
22 discuss or reference the settlement amount pursuant to General Order No. 02-14
23 and Local Rule 79-5.1.

24 The United States Supreme Court has recognized a common law right of
25 access to records in civil proceedings in *Nixon v. Warner Commc'ns ., Inc.* "It is
26 clear that the courts of this country recognize a general right to inspect and copy
27 public records and documents, including judicial records and documents." 435 U.S.

589, 597 (1978). Nevertheless, this right is not absolute; parties may request the court to seal all or part of the record. *Id.* at 598. While not outlining all the factors to be considered in deciding whether public access is warranted, the Supreme Court stated that courts should weigh "the interests advanced by the parties in light of the public interest and the duty of the courts." *Id.* at 602. The Supreme Court ultimately left the decision whether to seal a document to the discretion of the district court. *Id.* at 599.

The Ninth Circuit has set forth the standard for overriding the presumption in favor of access to court records, and allowing parties to seal documents filed with the court. *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003). Those who seek to maintain the secrecy of documents attached to non-dispositive motions, a motion to seal may be granted on a showing of "good cause" under Federal Rules of Civil Procedure, Rule 26(c).[1] *Id.* (citing *Fotlz,* 331 F.3d at 1135); *see also Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1180 (9th Cir. 2006); *Phillips, et al. v. GMC, et al*, 307 F.3d 1206, 1213 (9th Cir. 2002). Where good cause is shown, the court must balance the public's right to access the court files against the potential harm to the moving party's interests. *Kamakana,* 447 F.3d at 1180; *Phillips,* 307 F.3d at 1211. The public has less need for access to records attached to a non-dispositive motion because those records are only tangentially related to the underlying claim. *Kamakana,* 447 F.3d at 1179. Here, LabCorp applies for an order to seal documents and transcripts that discuss, reference, or otherwise contain the amount of the settlement..

The right to privacy is guaranteed by the United States Supreme Court. *Griswold v. Connecticut*, 381 U.S. 479, 484 (1965). The California Constitution also recognizes a person's inalienable right to privacy. Cal. Const. Art. 1, § 1.

---

[1] On the other hand, those who seek to maintain the secrecy of records attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1180 (9th Cir. 2006) (citing *Foltz,* 331 F.3d at 1136). However, this case does not involve the protection of such records.

Consequently, the California Appellate Court has found that confidential settlement agreements are entitled to privacy protection, and that a sufficient showing of compelling need for the information must be shown to entitle invasion of that protection. *Hinshaw v. Sup. Ct.*, 51 Cal. App. 4th 233, 242 (1996).

Finding that the parties had a paramount privacy interest in the confidential terms and private financial information contained in the settlement agreements, the *Hinshaw* court noted that "*the privacy of a settlement is generally understood and accepted in our legal system, which favors settlement and therefore supports attendant needs for confidentiality*." *Hinshaw*, at 241. [emphasis added.] The court emphasized that its decision was influenced by public policy favoring settlements and the parties' desire to keep the terms confidential. *Id*. at 242. In addition, the court found that a confidential settlement agreement was entitled to at least as much of a right of privacy as a bank account or tax information. *Id*. at 241.

Sealing the records in the present case is even less controversial than in *Hinshaw*; one of the *Hinshaw* parties had expressed an interest in obtaining the confidential settlement information. In contrast, LabCorp in this case restricts the disclosure of information only to the public at large, who lacks a sufficient interest in the amount of the specific payments to Plaintiffs to override the parties' privacy interests in protecting this confidential information. In this case, the Settlement Agreement contains information about Plaintiffs' financial status. Previously, members of the public have not had access to such information, and every effort has been taken to maintain the confidentiality of this information.

Furthermore, if the Settlement Agreement does not remain sealed, Plaintiffs' private financial information, as well as the confidential amount LabCorp paid to Plaintiffs, will become public knowledge. The public's interest in knowing this narrowly tailored information is virtually nil. In contrast, as noted above, both LabCorp and Plaintiffs have strong interests in keeping the settlement amount

private. Through this settlement, the Plaintiffs sought to resolve a serious event in their lives, and Plaintiffs have not indicated any desire for the public to know about their present financial condition.

Because of these concerns, the personal financial information in the Settlement Agreement and any other documents containing the settlement amount pertaining to the amount of the settlement with Plaintiffs, should be permanently sealed.

The parties' Application does not restrict the public's knowledge about this case, but narrowly protects financial information that Plaintiffs consider personal and private. The proposed order is narrowly tailored to only seal the settlement amount or fractions thereof. Indeed, this is the only method to protect and preserve these privacy interests. Because of these concerns, the Settlement Agreement and the Petition along with its supporting documents should be sealed indefinitely.

## **CONCLUSION**

For the foregoing reasons, the parties respectfully requests that this Court order that the portion of those documents that disclose the settlement amount and distribution of funds be sealed indefinitely.

Dated: January 18, 2018           SNELL & WILMER L.L.P.

By: */s/ Alina Mooradian*
    Alina Mooradian
    Attorneys for Defendant
    LABORATORY CORPORATION
    OF AMERICA

# CERTIFICATE OF SERVICE

*Kaitlin Dominguez, et al. v. Laboratory Corporation*
U.S.D.C. Case No. 5:16-cv-2527

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 350 South Grand Avenue, Suite 3100, Los Angeles, CA 90071.

On January 19, 2018, I served, in the manner indicated below, the foregoing documents:

**1) Application for Seal Order, 2) [Proposed] Order; and 3) REDACTED (a) Confidential Settlement Agreement; (b) Plaintiffs' Petition to Approve Compromise; Declaration of Russell Fuerst in support of Petition; and Order Approving Compromise.**

on the interested parties in this action in the manner as indicated below at Los Angeles, addressed as follows:

| | |
|---|---|
| Russell S. Fuerst | Telephone: (951) 816-3435 |
| GIBBS & FUERST LLP | Facsimile: (951) 816-3436 |
| 25240 Hancock Avenue, Suite 305 | E-mail: rfuerst@gibbsandfuerst.com |
| Murrieta, CA 92562 | |

[x] CM/ECF: Under the direction of a member of the bar of this Court, I caused to be filed with the Clerk using the CM/ECF System which will send notification of such filing to the addressees on the attached Service List.

[x] FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on January 19, 2018, at Los Angeles, California.

Alma Chang